STATE OF MINNESOTA *ex rel.* John H. Bryant *vs.* WALTER T. BURR and another.

October 12, 1882.

*Mandamus.* Alternative writ directed to the respondents as judge and clerk of the municipal court of St. Paul. Respondents answered and asked that the peremptory writ be denied.

*O'Brien & Wilson,* for relator.

*Lamprey, James & Warren,* for respondents.

*By the Court.* This is *mandamus* to require the judge and clerk of the municipal court of St. Paul to issue a writ of restitution in an action under Gen. St. 1878, c. 84, as amended by Laws 1881, Ex. Sess. c. 9, to recover possession of the premises leased by relator to Edgar C. Varney and others. The lease was in writing, for a term of five years from May 1, 1882, with a covenant on the part of the

lessees not to sublet the premises or any part of them without the written consent of the lessor, and with a clause reserving the right of re-entry for violation of any of the covenants. The lessees having sublet the premises without the consent of relator, he commenced an action on that ground against the lessees in the municipal court, to recover possession, and that court rendered judgment of restitution. The defendants took an appeal and filed the proper bond. The relator tendered the bond required by section twelve of the chapter, as amended by section two of the act of 1881, and demanded that a writ of restitution issue immediately. The court refused to comply with the demand.

Section twelve of chapter 84, as amended, after providing that in certain cases no writ of restitution shall issue, nor shall the writ issue for twenty-four hours after judgment if the party against whom it is rendered, or his attorney, states to the justice that he intends to take an appeal, proceeds: "Provided, that if said action is brought upon a written lease, executed by both parties thereto, against a tenant holding over after the expiration of said lease, restitution of said premises shall be made forthwith," etc. It was under this clause that relator demanded the writ, he claiming that, within this clause, the lease in question had expired, by reason of the breach of the covenant not to sublet. We do not think that the correct interpretation of the statute. The phrase "after the expiration of said lease," is, when referring to the same case, varied in section fourteen as amended, so as to read, "after the expiration of the term thereof;" and in section fifteen, "after the expiration of the term in said lease specified." The term of this lease is five years, with a provision under which the lease may perhaps be sooner terminated. We think the phrase means the expiration of the time expressed in the lease as the term thereof. After that time the written lease could not afford any pretext to the tenant for remaining in possession, while he might have a good defence against a claim by the landlord, based on an alleged breach of covenants or conditions. And this, we think, is a sufficient reason why the very summary remedy provided in section twelve should be given in one case and not in the other.

Writ denied.