[No. 12141.  Department Two. — March 21, 1888.]

## ADAM BAUGHMAN, APPELLANT, v. R. B. REED, RESPONDENT.

LESSOR AND LESSEE — FARMING ON SHARES — GROWING CROPS — TENANTS IN COMMON. — Where a lease of agricultural lands provides that the lessor shall receive a proportion of the crops grown on the demised premises after the same are harvested, the lessor becomes a tenant in common with the lessee of the crops while the same are growing.

ID. — PARTITION OF GROWING CROP — APPOINTMENT OF RECEIVER. — Where a tenant in common of a growing crop is in the sole possession thereof, and denies the right of his co-tenant to any part thereof, and

threatens to sell the entire crop and appropriate the proceeds to his own use, the co-tenant may maintain an action for the partition of the crop. In such an action, a receiver *pendente lite* may be appointed.

APPEAL from a judgment of the Superior Court of Amador County.

The facts are stated is the opinion.

*Lindley & Spagnoli,* and *Ruddick & Solinsky,* for Appellant.

*Blanchard & Swisler,* and *Eagon & Rust,* for Respondent.

BELCHER, C. C.—The court below sustained a general demurrer to the complaint, and plaintiff declining to amend, judgment was entered in favor of the defendant, from which the plaintiff has appealed.

The material facts stated in the complaint are as follows:—

In October, 1882, the plaintiff executed to the defendant a written lease, for the term of five years then next ensuing, of a certain ranch in Amador County, and also of certain farming utensils and stock. The plaintiff was to erect certain improvements on the premises, and to furnish to the defendant the seed needed to put in a crop the first year. The defendant was to till and in all respects cultivate the premises in a husband-like manner, and out of the crop raised the last year was to return to the plaintiff the same number of pounds of seed, and of the same kinds, as he received the first year. The defendant was also to deliver to the plaintiff, or his order, "two fifths of all the crops produced on the said farm and premises aforesaid, of every name and description or kind, to be divided on the place; hay in bale under shelter, grain of all kinds in the granary, apples, peaches, pears, plums, etc., in the fruit-house, grapes in the vineyard after being gathered, and in a reasonable

time after such crops shall have been harvested or gathered." The defendant entered under his lease, and continued to occupy and cultivate the premises until the 26th of July, 1886, when this action was brought.

It is further alleged that plaintiff, in October, 1882, furnished to defendant, to be used as seed, 32,469 pounds of barley, and 3,700 pounds of wheat; that during the year 1886 defendant had raised on the premises 37 tons of barley of the value of $1,000, and 45 tons of wheat of the value of $1,350, and that all of this grain was severed from the ground and in process of being thrashed and sacked; that defendant intended and had threatened to and would leave and abandon the premises on completing the harvesting of the crop, and that he denied the right of the plaintiff to any part thereof, and threatened and intended to remove the whole crop, and to dispose of and convert the same to his own use; that defendant is insolvent.

The prayer is that 32,469 pounds of the barley, 3,700 pounds of the wheat, and two fifths of the remainder of the crop be segregated and set apart to the plaintiff, and that a receiver be appointed pending the action, and for general relief.

We fail to see why the complaint does not state facts sufficient to constitute a cause of action.

The action was in effect for a partition of personal property, owned by the parties as tenants in common. Now, conceding that plaintiff did not own that part of the crop, which he claimed in return for the seed furnished in 1882 (*Callender* v. *McLeod*, 74 Cal. 376); still he unquestionably did own, as tenant in common with the defendant, two fifths of all the wheat and barley raised on the leased premises. (*Bernal* v. *Hovious*, 17 Cal. 542; 79 Am. Dec. 147; *Knox* v. *Marshall*, 19 Cal. 617; Freeman on Cotenancy and Partition, sec. 100.) The defendant was in possession of the whole crop, and was threatening to sell it and appropriate the proceeds

to his own use. In such a case an action for partition was the proper remedy, and the appointment of a receiver was authorized by the code. (Freeman on Cotenancy and Partition, secs. 426, 448; Code Civ. Proc., sec. 564.)

It is urged for respondent that the complaint was insufficient, because it failed to allege that plaintiff had performed all the conditions of the lease which were to be performed by him, but we think sufficient facts were stated in this regard.

It is further urged that the action was commenced prematurely, because the defendant. was to deliver to plaintiff his share of the grain in the granary. But as the defendant denied the plaintiff's right to any part of the crop, and was threatening to appropriate it all to his own use, we do not see why plaintiff was called upon to delay the commencement of an action to determine his rights.

The judgment should be reversed, and the cause remanded, with directions to overrule the demurrer.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with directions to overrule the demurrer.

Hearing in Bank denied.