## COHN et al. v. THE CITY OF KANSAS, Appellant.

### DIVISION ONE.

1.  **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. The supreme court in determining whether the evidence is sufficient to support a verdict for plaintiff will (laying aside defendant's controverting evidence) assume that plaintiff's evidence is true, and will give to it every favorable inference which may be reasonably and fairly drawn from it.

2.  **Defective Highway:** TRAVELER. A person is not bound to abandon the use of a highway open to the public for the simple reason that it is known to him to be out of repair or in a defective condition.

3.  ——— : ———. The duty is, however, imposed on the traveler to use ordinary care to avoid the defect, and knowledge on his part that the street is out of repair is a circumstance to go to the jury in determining the question whether he did use such care.

4.  ——— : ———. Ordinarily such knowledge does not in and of itself constitute want of due care.

5.  ——— : ——— : ORDINARY CARE. Ordinary care is that care which a prudent person exercises in like circumstances.

6.  ——— : ——— : QUESTION OF LAW. The trial court may sometimes declare a person wanting in due care on given facts.

7.  **Municipal Corporation:** DEFECTIVE SIDEWALK : QUESTION OF LAW. One who attempts to cross over a sidewalk as a part of a road known to him to be dangerous when the dangerous place could easily have been avoided as by passing around it or taking another side is wanting in due care, and the court may so declare as a matter of law.

8.  ——— : ——— : ———. The evidence in this case held insufficient to support the verdict.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED.

108  387
124  355
108  387
135  565
69a  324
70a  261
70a  608
108  387
71a  426
108  387
148  16
80a  35
108  387
85a  644
108  387
e162  251
108  387
d90a  421
108  387
93a  216
108  387
173  5726
e96a  3670
e96a  5670
99a  5332
108  387
179  6579

*R. L. Yeager* and *W. S. Cowherd* for appellant.

(1) The change of venue was improperly awarded. The affidavit was sworn to by a formal party of record, but not by the party in interest. *Huthsing v. Maus*, 36 Mo. 107; *In the Matter of Whitson's Estate*, 89 Mo. 58. The exception was properly saved and in the proper court. *Squires v. Chillicothe*, 89 Mo. 232. (2) Notwithstanding the evidence conclusively shows plaintiff to have been guilty of contributory negligence, yet the court instructed that the law presumed her to be in the exercise of ordinary care. This presumption exists only where there is no evidence to the contrary. *Moberly v. Railroad*, 98 Mo. 183; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Nichols v. Winfrey*, 79 Mo. 551; *Ham v. Barrett*, 28 Mo. 388. (3) In instruction 5, and again in instruction 7, given on behalf of plaintiff, the court attempted to define ordinary care. The definitions are conflicting, and neither is right. Ordinary care in law is not the care that any person, reckless or careful, ordinarily exercises; but the care that an ordinarily prudent person would usually exercise, or the care that a prudent person would ordinarily exercise in the same situation or under similar circumstances. *Barton v. Railroad*, 52 Mo. 253; *Kelley v. Railroad*, 18 Mo. App. 151; s. c., 95 Mo. 279; *Hickman v. Railroad*, 91 Mo. 433. In the following cases this question is discussed and the distinction drawn: *Briggs v. Taylor*, 28 Vt. 180; *Reynolds v. Burlington*, 52 Vt. 300; *Hubbard v. Concord*, 35 N. H. 52. (4) Plaintiff's own testimony, and that of the witnesses introduced in her behalf, shows she was guilty of negligence. In the following cases this court has held that the conduct of the plaintiff in each was such negligence as to bar a recovery: *Lenix v. Railroad*, 76 Mo. 86; *Weber v. Railroad*, 100 Mo. 194; *Hudson v. Railroad*, 101 Mo. 13. In no one of them was the conduct of the plaintiff so grossly negligent as in the case at bar. In

other states, in cases where a municipality was a party, conduct similar to that of this plaintiff has been held to constitute contributory negligence. *Township v. Anderson*, 114 Pa. St. 643 ; *Erie v. Magill*, 101 Pa. St. 101 ; *Durkin v. Troy*, 61 Barb. 437 ; *Gosport v. Evans*, 112 Ind. 133 ; *Centralia v. Krouse*, 64 Ill. 9 ; *Momence v. Kendall*, 14 Ill. App. 229 ; *Hartman v. Muscatine*, 70 Ia. 511 ; *Fox v. Glastonbury*, 29 Conn. 204. ( 5 ) The damages are excessive. *Kepperly v. Ramsden*, 83 Ill, 354. So large a verdict in so doubtful a case is plainly indicative of passion and prejudice on the part of the jury.

· *Sherry & Hughes* for respondents.

( 1 ) The instructions on ordinary care taken together are unobjectionable. ( 2 ) The instructions fairly present the law of the case. *Russell v. Columbia*, 74 Mo. 487; *Railroad v. Mares*, 8 Supt. Ct. Rep. 321 ; s. c., 21 N. W. Rep. 5; *Kendall v. Albina*, 34 N. W. Rep. 833, and note ; 11 Atl. Rep. 575, and note; *Flynn v. Railroad*, 78 Mo. 195; *Stephens v. Macon*, 83 Mo. 345; *Haniford v. City*, 103 Mo. 172. ( 3 ) The law presumes the plaintiff was in the exercise of ordinary care ; and, under the pleadings, it was for defendant to overcome this presumption by evidence or facts from which the jury might infer want of ordinary care. *Buesching v. Gaslight Co.*, 73 Mo. 233 ; *Hoyt v. Hudson*, 45 Wis. 105 ; *Guy v. Winters*, 34 Cal. 153 ; *Flynn v. Railroad*, 78 Mo. 195 ; Black on Proof & Pleading in Accident Cases, 9, 13 ; *Thomas v. Railroad*, 8 Fed. Rep. 731 ; 2 Thompson on Neg., secs. 27, 1179 ; *Stephens v. Macon*, 83 Mo. 356, 357. ( 4 ) Where the negligence of the injured party is of a negative character, such as the lack of vigilance, and no injury would have resulted from it but for the primary wrong or negligent act of the corporation or of its servants, it will not defeat a recovery. *Railroad v. The Central*

*Trust Co.*, 23 Fed. Rep. 738; *Loewer v. Sedalia*, 77 Mo. 431. "It is not contributory negligence to go onto a sidewalk known to be out of repair, if ordinary care is used to avoid danger." *Hubbard v. Mason City*, 20 N. W. Rep. 172; *MacKenzie v. Northfield*, 16 N. W. Rep. 264; *Munger v. Marshalltown*, 13 N. W. Rep. 642; *Delger v. St. Paul*, 14 N. W. Rep. 567; *Nichols v. Minneapolis*, 23 N. W. Rep. 868; *Bullet v. New York*, 2 N. E. Rep. 1.

BLACK, J.—Lena Cohn and her husband brought this suit against the City of Kansas and the Grand Avenue Railway Company to recover damages for injuries which she received from falling into an excavation in a street, made by the railway company under authority from the city. The important averment of the petition is that both defendants negligently permitted the excavation to remain in the street without guardrails to protect persons from falling into it. The defendant dismissed as to the railway company, and the plaintiff took a change of venue to Buchanan county, where there was a verdict and judgment for plaintiff against the city.

At the time of the accident the railroad company had made an excavation on Grand avenue, a street in the city of Kansas, for the purpose of placing therein the machinery to connect the street cable road with the engine house. The excavation was some thirty or thirty-five feet wide and extended out from the west side of the street to the middle thereof, a distance of some fifty feet. There was a space of one or two feet between the end of the excavation at the middle of the street and a street railroad track. There was no barrier or other protection at this end of the excavation. There was room on the east side of the street for wagons to pass, and the east sidewalk was wide and entirely free from obstruction, and this was known to the plaintiff; for she passed south on that sidewalk shortly

before the accident. On her return she came north on the west sidewalk. She says that sidewalk was all torn up at the excavation; that she went around the hole where the men were digging in the ground; that "the car came, then a loaded wagon and a buggy, and they were so crowded that I was pushed in; that was the way I was pushed in; I had no place to catch hold of, and there was. no fence or nothing and I was thrown down between the wagon and the buggy, and they pushed me in." Again she says: "I saw lots of people passing by and so I passed by;" that she followed the hole around.

On the part of the defendant the evidence is to the effect that the west sidewalk was barricaded; that persons going on that sidewalk passed over the street to the east sidewalk when they came to the excavation; that the plaintiff started around, and on her way asked one of the laborers if she could go "by there," and he said "no," to cross over to the east sidewalk; that she went ahead, and the man called to her saying the paving blocks were loose and she might fall; that she went on around the east end of the excavation between that and the street-car tracks; that a man with a long plank on his shoulder was going south, followed by a wagon; that this man saw her and told her to go back but she did not obey him; that the wagon struck the plank and threw the man, the plaintiff and the plank into the hole near the northeast corner thereof where it was seven or eight feet deep; that there were a number of men at work in the excavation loading a wagon; that barriers or lights were placed around the hole at night, but were removed in the daytime to enable the men to work, and that there was no temporary sidewalk around the excavation. Several eye witnesses testified to the foregoing facts on the part of the defendant.

The plaintiff in rebuttal testified that she did not have the alleged conversation with the laborer, that she did not hear anyone call to her, and that she did not see a man with a plank on his shoulder.

Back of the assigned errors in excluding certain depositions of physicians, offered in evidence by the defendant to show the nature and the extent of the injuries, is the question whether the evidence is sufficient to support any verdict in favor of the plaintiff. In considering this question we must lay out of sight the controverting evidence of the defendant. We must also assume that the evidence produced by plaintiff is true, and give to it every inference favorable to her which may be reasonably and fairly drawn therefrom.

A person is not bound to abandon the use of a highway, open to the public, for the simple reason that it is known to him to be out of repair or in a defective condition. The duty is, however, imposed upon the traveler to use ordinary care to avoid the defect, and knowledge on her part that the street is out of repair is a circumstance to go to the jury in determining the question whether he did use such care. As a general rule such knowledge does not in and of itself constitute want of due care. In other words, knowledge of the defect is not conclusive evidence of negligence on the part of the traveler. Smith v. St. Joseph, 45 Mo. 449; Loewer v. Sedalia, 77 Mo. 431; 2 Shear. & Red. on Neg. [4 Ed.] sec. 376.

Two things must concur to entitle the plaintiff to recover in this class of cases. And, first, there must be a defect in the road by the fault of the defendant; second, there must be no want of ordinary care on the part of the plaintiff to avoid it. The court, in the instructions given at the request of the plaintiff, told the jury that the fact that plaintiff knew the condition of the street would not prevent a recovery, "if she used such care in attempting to pass along said street as persons ordinarily use under such circumstances." And in another instruction, given at the instance of the plaintiff, the court said, "ordinary care is just such care as a person should ordinarily exercise under like circumstances." The court erred in both of these

definitions ; for ordinary care is that care which a pru-
dent person ordinarily uses under like circumstances,
which is another and a different thing from such care as
persons ordinarily use under like circumstances.

While in general it is for the jury to say whether
the plaintiff used ordinary care, and this question they
are to determine from all the circumstances, still it often
occurs that the court may declare the plaintiff wanting
in due care on given facts. One who attempts to cross
over a sidewalk as part of a road, known to him to be
dangerous, when the dangerous place could have been
easily avoided, as by passing around it, or taking
another side of the road, is wanting in due care, and the
court may so say as a matter of law. *Erie v. Magill*,
101 Pa. St. 616 ; *Gosport v. Evans*, 112 Ind. 133 ; *Cen-
tralia v. Krouse*, 64 Ill. 19.

In this case no want of care can be attached to the
city from the mere fact of the existence of the excava-
tion, for the city had the right to permit it to be made ;
and the work was progressing with proper haste. The
only possible act of negligence on the part of the city
is the failure to have railings along the end of the exca-
vation at the middle of the street. Such a railing was
not necessary to give the plaintiff warning of the exist-
ence of the excavation, for she saw it, and, therefore,
had full notice of its existence. But it is said there
should have been a railing there to prevent persons
from falling over. The answer to this is that it was not
a fit or proper place for persons to travel on foot. The
place between the excavation and the street-car rail was
but one or two feet wide, so that cars and persons on
foot could not pass at the same time. To have placed
railings and a foot path at such a place would have been
to invite persons into danger.

But, aside from all this, the plaintiff's own evidence
shows that the accident occurred in broad daylight.
The plaintiff found the west sidewalk barricaded, saw
this excavation and men at work in it. She passed

along the south side of it to the middle of the street,. and, instead of passing on to the east sidewalk which she knew was unobstructed and perfectly safe, she attempted to pass along the narrow space between the excavation and the street railroad track. Two ways were open to her: One from the middle of the street across to the east sidewalk, which was perfectly safe; the other along the excavation and railroad track in the middle of the street which was obviously unsafe and dangerous. She knowingly chose the latter, and in doing so she took upon herself the hazards attending the experiment. On well-settled principles of law, she has no just cause of action against the city, and this is. manifest from her own evidence.

The judgment is, therefore, REVERSED. All concur.