## MONDSCHEIN *v.* STATE.

Decided January 30, 1892.

1. *Indictment—Enticing away laborer—Amending statute construed.*

Defendant was indicted under section 4452 Mansf. Dig., for enticing away and knowingly employing one under contract to labor *for a year*, during the term of the contract. Section 4442, which is a part of the same act and which provides that contracts for a longer period *than one month* shall not entitle the parties to the benefit of the act unless in writing, was amended by the act of March 22, 1887, by substituting the word "year" for "month." *Held*, the amendatory provision, from and after its passage, became a part of the act, and, in its relation to other sections of the act, stands with reference to future transactions as though the act had been originally enacted in the amended form; *held*, accordingly, the indictment was not defective in failing to allege that the contract to labor for a year was in writing.

2. *Indictment—Evidence—Variance.*

An indictment for enticing away a laborer will not be sustained by proof that the person enticed away was a renter.

3. *Renter distinguished from laborer.*

By a contract of rental the renter acquires an interest in the rented place, and is empowered to control it as well as the labor engaged in cultivating it; by a contract of service the laborer acquires no interest in the land, and cultivates it under the orders and directions of the employer.

ERROR to *Perry* Circuit Court.

A. M. DUFFIE, Judge.

*J. F. Sellers* for appellant.

1. No statutory offense was committed unless the contract was in writing. Mansf. Dig., secs. 4441, 4451. The circuit judge seems to have been misled by the amendment to sec. 4452, by Acts of 1887, p. 108.

2. Statutes creating offenses are strictly construed. Bish., St. Cr., sec. 220 *et seq*.

3. The language of the indictment was for enticing, etc., one under contract to *labor*, etc. If Johnson was a renter, tenant or share-cropper, there could be no conviction. Johnson must have been a *laborer*, under contract for a year. It was so alleged and must be proven. Whart., Cr. Ev., 146; 31 Ark., 49.

4. Two distinct offenses are created by sec. 4451; one enticing, etc., a "laborer," the other, a "renter." A laborer is one *hired* to *labor*, and creates the relation of master and servant. Bouvier, "Master;" 3 Den. (N. Y.), 369; 35 Ark., 602; 39 *id.*, 17; 42 *id.*, 542; Mansf. Dig., sec. 1959; 53 Ark., 503. From the contract of renting arises the relationship of landlord and tenant. Bouvier, "Landlord and Tenant;" 46 Ark., 254.

*W. E. Atkinson,* Attorney General, and *Charles T. Coleman* for appellee.

1. The labor act, Mansf. Dig., secs. 4441 to 4452, was amended by Acts 1887, p. 108; the period was extended from one month to one year. A statute and its amendments should be construed together. Bish., Writ. Laws, sec. 152*a.* As the contract was for a year, it need not be in writing.

2. The testimony shows Johnson to have been a "share-cropper" or mere laborer for part of the crop. 39 Ark., 286; 25 *id.*, 330; 34 *id.*, 179; *ib.*, 690.

**1. Sufficiency of indictment for enticing away a laborer.** HEMINGWAY, J. The statute which regulates the liens of laborers and employers makes it a misdemeanor for any person to wilfully interfere with or entice away, or knowingly to employ, or induce to leave his employer or the place rented, any laborer or renter who had contracted as therein provided, before the expiration of his contract. Mansf. Dig., sec. 4451. The indictment charges that the defendant violated this statute by wilfully enticing away and knowingly employing one under a contract to labor for a year, during the term of the contract. A demurrer to the indictment was interposed upon the ground that the contract of employment as charged was for a year and it was not alleged that the contract was in writing. The original act provided that contracts for labor for a longer term than one month should be void unless made in writing (Mansf. Dig., sec. 4442); but this provision was amended by the act of March 22, 1887, which provided that such contracts alone as should be made for a longer term than one year need be

in writing (Acts 1887, p. 108); and as this offense was charged to have been committed after the amendment became operative, this cause is to be determined according to the law as amended. But it is contended that the amendment applies only to the section which prescribes how contracts for service shall be made; and that as it makes no reference to the section which creates the misdemeanor, the effect of the latter is unchanged. This reasoning does not command our approval. The penal clause by its express terms extends to all contracts made in the manner provided by that act. The amendatory provision from and after its passage became a part of the act, and in its relation to the other sections of the act stood with reference to future transactions as though the act had originally been enacted in the amended form. Suth. on Stat. Con., p. 172. By its terms a contract for labor or service for a term of one year was valid though not in writing, and all contracts valid under the act are within the protection of its penal provisions. It follows that it was unnecessary to allege in the indictment or to prove upon the trial that the contract was in writing. The prayer for instruction on part of the defendants was violative of the principle above announced, and the court properly refused it. The instructions given upon that point correctly declared the law, and there was no error in giving them.

The penal provisions of the statute were designed to protect alike contracts for service and for rent of land; but the indictment described the contract in this case as a contract to labor, and it is a familiar rule that crimes must be proved as charged, and it was therefore necessary for the State to prove in this case that the person enticed away was under a contract to labor. Proof that the contract was one of renting would not follow the allegation or justify a conviction, and the court correctly charged the jury to this effect. The charge given clearly and correctly stated the rule by which to determine whether the contract proved was a contract for rent or for labor, and the only other question presented

2. **Variance between indictment and proof.**

is as to the sufficiency of the proof to sustain a verdict of guilty.

**3. Renter distinguished from laborer.** The prosecuting witness testified that he rented the place to the party enticed away, to keep until he had gathered and marketed the crop ; that the former was to furnish team, tools and feed, and the latter was to pay for the place, team, tools and feed, one-half of all he made on the place ; that the former paid nothing for making the crop, but the latter paid half of all he made for the rent of the land and the use of the team and tools.     There was no other testimony as to the terms of the contract, and the question is, whether, upon this, the jury was warranted in finding that the contract was one for service, or could have found only that it was a contract of rental.     By a contract of rental, the renter acquires an interest in the rented place, and is empowered to control it as well as the labor engaged in cultivating it ; by a contract for service, the laborer acquires no interest in the land and cultivates it under the orders and direction of his employer.     *Tinsley* v. *Craige*, 54 Ark., 346.     According to the evidence of the prosecuting witness, the premises were absolutely surrendered under the contract, and he retained no control over them or the service of the other party.     The contract was therefore for rent and not for service, and the verdict of the jury was without evidence to support it.     For this reason the court should have sustained the motion for a new trial ; in other respects the record discloses no error.

Reverse and remand.