Stewart v. Miles.

VAN R. STEWART, Respondent, v. BEN MILES, Appellant.

St. Louis Court of Appeals, April 18, 1899.

1. **Forcible Entry and Detainer**: FORCE, ACTUAL, CONSTRUCTIVE. In the case at bar the admitted facts are that the entry was made after plaintiff had left the farm in the sole possession of his cotenants, and that the latter peaceably inducted the defendant into possession and that when plaintiff returned he found the defendant in the possession which had been accorded to him by plaintiff's representative on the place. Held, that there was no force, actual nor constructive, in such an entry and was therefore not a violation of the statute defining forcible entry and detainer.

2. ———: ———: APPELLATE PRACTICE: DISSENTING OPINION OF JUDGE BIGGS. The rule is well established that an appellate court in determining the sufficiency of evidence must indulge every inference in favor of the party offering the testimony.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

TRANSFERRED TO SUPREME COURT.

NORTON, AVERY & YOUNG for respondent.

The *bona fides* of plaintiff's possession was submitted to the jury under proper instructions, and the jury found for

plaintiff.    This court will not disturb the verdict of the jury.
The case of DeGraw v. Prior, 60 Mo. 56, cited by appellant,
lays down this rule at page 57, in the following language:
"What acts constitute possession is certainly for the court
to decide.    Whether the acts have been done is for the jury;
and the court may with propriety leave the whole matter to
the jury under proper instructions, when there is any evi-
dence tending to show a *bona fide* prior possession.    If Van
R. Stewart was and had been in possession, as is abundantly
shown by the evidence, since July, 1896, and his household
goods were there, together with his stock, farming utensils,
feed, etc., and the farm and this stock and other goods were
being looked after by William Stewart as the servant or
employee of plaintiff, then this was an actual possession by
plaintiff. Willis v. Stephens, 24 Mo. App. 474; Merriwether
v. Howe, 48 Mo. App. 155, 156, and cases cited.    Plaintiff
testified that he was in possession on March 1, 1897, when
appellant took possession, and this question was submitted
to the jury under proper instructions.    So there can be noth-
ing in appellant's third contention.    There need be no actual
force.    Oakes v. Alldredge, 46 Mo. App. 11; Wylie v. Wad-
dell, 52 Mo. App. 226.    In an action of forcible entry and
detainer, neither the title nor the right to possession is in is-
sue.    Merriwether v. Howe, *supra*, and cases cited.

MARTIN & WOOLFOLK for appellant.

The facts in the case all show that plaintiff's claim of
possession at the time defendant entered is not *bona fide* but
a mere pretense and sham.    He was not there—had nothing
there, and by his contract of hiring to Magruder shows that
he did not intend to return.    His acts are inconsistent with
his claim. DeGraw v. Prior, 60 Mo. 56; Keen v. Schweigler,
70 Mo. App. 409.    Before the action of forcible entry and
detainer can be maintained, the plaintiff must be in exclu-
sive possession when the ouster is made.    There can be no

question that William Stewart was in possession when defendant entered. Whether jointly with plaintiff or for himself can make no difference. Armstrong v. Hendricks, 67 Mo. 542; Ford v. Fellows, 34 Mo. App. 630; Willis v. Stephens, 24 Mo. App. 494. And the evidence must show that defendant was in possession when the suit was brought. Armstrong v. Hendricks, 67 Mo. 542. There is not a particle of evidence that shows that defendant obtained possession by force, threats or fraud, or against the will of the person in actual possession, but, on the contrary, every fact proved in the case shows that defendant obtained peaceably and with the consent of William Stewart, who was in possession. If plaintiff had any right of action at all it was under the provisions of section 5089, after demand in writing and not under section 5088. McHare v. Ins. Co., 4 Mo. App. 514; May v. Luchett, 54 Mo. 437.

BOND, J.—This is an action of forcible entry and detainer for the recovery of possession of one hundred and ninety acres of land, $100 damages, and $10 monthly rents and profits. It was begun before a justice of the peace, taken by appeal to the circuit court, where the plaintiff had judgment, from which defendant appealed to this court.

In July, 1896, the premises in controversy were let to plaintiff for farming purposes by oral agreement with the owner. On the thirtieth of December, 1896, plaintiff's brother, William Stewart, and family moved upon the land. Being interrogated by the court as to the contract between himself and his brother, plaintiff answered, to wit: "Well, I rented the place and I told him it was more than I could attend myself, I says, if you want it come on, and I says I will let you have it and we will pay the rent out of the crop then we will divide up." Being recalled at the conclusion of his other testimony plaintiff testified that his brother came to

keep house for him; that he did not rent to his brother, whereupon he was again cross-examined, to wit:

"Q.   He had as much interest in the property as you had?   A.   After the rent was paid, yes sir.   Q.   Then you moved off the place?   A.   No, sir; I didn't.   Q.   You left the place, anyhow, didn't you?   A.   I left it for a time, yes, sir.   Q.   And went over to work for McGruder?   A.   Yes, sir.   Q.   At sixty cents a day?   A.   Well, I believe I asked him about fifteen dollars a month, I lived there, I think it was the third of March that my sister-in-law died and I didn't work any after that, I think, but I won't say positive about that.   Q.   You did testify your brother had possession of your things and control of them and was using them?   A.   He was using them.   Q.   After you left?   A.   He was using them.   Q.   One-half of everything that was raised on that place after the rent was paid belonged to your brother?   A.   That's what he was to get."

It further appeared that when William Stewart moved upon the farm he occupied one of two dwellings houses situated thereon, plaintiff occupying the other; that plaintiff's wife died about that time, whereupon plaintiff vacated his house which was subsequently occupied by William Stewart; that plaintiff sent one of his children to its grandmother, and took the other to reside with him upon another farm, where he was hired as a work hand for sixty cents per day, or about $15 per month, carrying with him also his only bedroom set of furniture, and where plaintiff remained until about the first of March, 1897, when he returned to the premises in controversy and found that defendant, who had rented the place from a purchaser under the foreclosure of a deed of trust thereon, was in possession by the consent and aid of plaintiff's brother, William Stewart.   There was much evidence tending to show that when plaintiff left the premises it was with the avowed intention of abandoning his tenure. Plaintiff, however, testified that such was not his intention.

The evidence further shows that the owner who orig-
inally let the place to plaintiff acting upon the information
of plaintiff's brother that plaintiff intended to leave the
place, contracted with one Paige to put him in possession
thereof on March 1, 1897, who was prevented from so doing
by the prior entry of defendant, who was the lessee of the
purchaser at the trustee's sale of the land by the agreement
and assistance of plaintiff's brother, William Stewart, who
was then in full charge and possession of the premises.

The first question for determination upon the foregoing
facts is, what was the legal relation created thereby between
plaintiff and his brother, William Stewart? That they were
tenants in common of all the yield of the lands, by express
agreement to that effect, can not be be doubted under the
rulings of the following cases: Johnson v. Hoffman, 53 Mo.
504; Donnell v. Harshe, 67 Mo. 173; Van Hoozier, v. Rail-
road, 70 Mo. 149; Lindenbower v. Bentley, 86 Mo. 519;
State v. Hunnerwardle, 44 Mo. App. loc. cit. 479. That the
peculiar terms of their contract *inter se* rendered them also
tenants in common in the possession of the demised premises,
is equally clear upon reason and authority. The one thing
necessary to constitute tenants in common of lands or chat-
tels is unity of possession. The parties may have diverse
titles, interests and tenure, but if the possession of each is
*per my* and *per tout*, they are tenants in common. Wash-
burn on Real Prop. [5 Ed.] 415; 11 Am. and Eng. Ency. of
Law, p. 1058, and citations. By the contract between the
two Stewarts the possession of the farm was held in common
for the purpose of its joint cultivation and an equal division
of all its products after the payment of the rent. If the
contract in question had not provided that plaintiff should
remain on the farm and take part in its cultivation, its other
provisions would have made William Stewart the tenant of
plaintiff, entitled as such to the sole possession of the prem-
ises, and would have made the two parties tenants in common

TENANTS in common. only of the products of the farm; but as the contract did provide for joint possession and joint labor, it created the status of tenants in common both as to the estate in the land and its entire yield.

The next question is, can the present action be maintained under the admitted facts? This is not a suit by one tenant in common against the other to be restored to a joint possession on the ground of forcible exclusion. Lewis v. Oesterreicher, 47 Mo. App. loc. cit. 82, 83; McHose v. Ins. Co., 4 Mo. App. 514, but it is an action of forcible entry and detainer against the tenant of the title holder to the land who has been let into possession by the aid and consent of the cotenant of plaintiff. Conceding one tenant in common, without joining his cotenant, may have an action of forcible entry and detainer in a proper case against a stranger. Turner v. Lumbrick, 1 Meigs (Tenn.) 7; Jones v. Phillips, 10 Heisk. (Tenn.) 562; Bowers v. Cherokee Bob, 45 Call. 495; Wood v. Phillips, 43 N. Y. 152; Rabe v. Fyler, 10 S. & M. (Miss.) 440, the question remains was there a forcible entry and detainer under the facts in this record? According to plaintiff's admissions on the witness stand he was not on the farm when the defendant was inducted to the peaceable possession by plaintiff's brother, and tenant in common, who was at the time in full charge of the premises and everything thereon. Whatever possession plaintiff then had to the premises rested solely upon the legal presumption that the possession of lands by one tenant in common inures to the benefit of his cotenant, in the absence of evidence of a contrary intention. Unless the possession accruing to plaintiff in this way amounted to "actual possession," he could not maintain this action. Ford v. Fellows, 34 Mo. App. 630; Armstrong v. Hendrick, 67 Mo. 542. Assuming that it was such an actual possession in plaintiff as to enable him to sue, the next inquiry is, was he dispossessed in such a manner as to

Stewart v. Miles.

DISPOSSESSION.
bring the case within the statute (R. S. 1889, sec. 5088) providing for an action of forcible entry and detainer? In discussing which it will be granted that the evidence need not show that the entry was made with actual force or threats, but that it is sufficient to show that it was upon plaintiff's peaceable possession and against his will. The admitted facts are, that the entry was made after plaintiff had left the farm in the sole possession of his cotenant, and that the latter peaceably inducted the defendant into possession and that when plaintiff returned he found the defendant in the possession which had been accorded to him by plaintiff's representative on the place. It is evident that there was no force, actual nor constructive, in such an entry, nor can it be said that it was a violation of the peaceable possession of plaintiff against his will for he knew nothing of the entry of defendant until it had been peaceably accomplished. Lacking any of these elements the possession of defendant was not a violation of the statute defining forcible entry and detainer. These facts do, however, make a case for relief within the second classification of unlawful detainer specified in the statute, which is: "When any person wrongfully and without force, by disseizin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer. R. S. 1889, sec. 5089. If the present suit had been brought for an unlawful detainer of the above class, and written notice to quit had been shown, there might have been some basis for a recovery. Anderson v. McClure, 57 Mo. App. loc. cit. 96; Hyde v. Goldsby, 25 Mo. App. 29. As that was not done, the judgment herein is wholly unwar-

ranted. It will therefore be reversed. Judge Bland, concurs; Judge Biggs dissents.

DISSENTING OPINION BY JUDGE BIGGS.

The law of this case is very simple. In July, 1896, the plaintiff rented of Magruder the farm in question. There was more land than he could cultivate. At his suggestion William Stewart moved his family into one of the houses on the premises under an agreement that he would assist plaintiff in the cultivation of the farm. On the twenty-eighth of December, 1896, the plaintiff's wife died and two days thereafter William Stewart moved into the house that plaintiff was occupying and the two families lived together until sometime in January or the first of February, 1897, when the plaintiff engaged to work for Magruder for one month. He took one of his children with him to Magruder's and the other he sent to visit his mother. He took with him to Magruder's his bedroom furniture for the use of himself and child. He left the remainder of his effects, consisting of some household furniture, corn, hay, farming implements and some hogs on the rented premises. In addition to this the plaintiff testified that he had no intention of abandoning the premises, but intended to return about the first of March, and that he did so return and found the defendant in possession. The farm was sold under a deed of trust and Dewey, the lessor of the defendant, purchased at the sale. The plaintiff testified that the day before the defendant obtained possession he met Dewey at the farm and then notified him that he was in possession of the land under a lease from Magruder, and that he did not intend to surrender his lease. On the next day and during the temporary absence of the plaintiff William Stewart permitted the defendant to take possession.

Under the foregoing facts which are undisputed, the questions were whether under the agreement between plain-

tiff and William Stewart a cotenancy was established between them; or whether William was an employee or cropper to be compensated for his labor by one-half of the crops after the rent was paid? If the former is the fact, then it is clear that the plaintiff can not maintain the action. If the latter be true, then it is equally clear under the evidence that the defendant is guilty of a forcible entry and detainer of the land. The court submitted these questions under the following instructions:

The court on its own motion gave the following instruction to the giving of which the defendant excepted and saved exceptions: "If the jury find from the evidence in the case that plaintiff sublet the premises sued for in whole or in part to his brother, William Stewart, then this action can not be maintained by plaintiff. But if plaintiff merely hired William Stewart to come upon the premises and with his family keep house for plaintiff and said William was to further assist plaintiff in the cultivation of the crops, and was to receive as his compensation for such housekeeping and labor in the crops one-half of the proceeds of the crops, after payment of rent, then said William was not in possession of the premises, either singly or in conjunction with plaintiff."

The court gave the following instructions asked by the plaintiff to the giving of which the defendant at the time excepted and saved exceptions: "The jury is instructed that neither the title nor the right to possession is in issue in this case; the matter of right is foreign to the case. The question for the jury to decide under the evidence is merely has there been a forcible entry and detainer on plaintiff's possession by the defendant. And by a forcible entry is meant only this, has it been shown by a preponderance of the evidence that plaintiff Stewart was at any time within three years next before the commencement of this action in peaceable possession of the premises, and while so in possession and without his consent and against his will, defendant took possession; if the jury

INSTRUCTIONS.

so find, then the verdict must be for the plaintiff for the possession of the premises and they should also assess his damages, which damages are the value of the rents and profits of the premises as shown by the evidence from the date such possession was forcibly taken to the present time, and the jury should further find what is the value of the monthly rents and profits as shown by the evidence."

"The court instructs the jury that if they believe from the evidence that plaintiff Van Stewart went into possession of the lands in controversy in June or August, 1896, as the tenant of Magruder, and he either thought himself or his servant or employee was in possession on March 1, 1897, and that defendant on said day entered into the possession of the premises against his will and without his consent, then such entry was forcible. And if you further find that defendant was in possession of the premises at the time plaintiff brought this action, to wit, 1st day of April, 1897, against the will and consent of the plaintiff, then your finding must be for the plaintiff."

"The jury is instructed that it is not necessary to constitute possession of the premises, that the plaintiff should stand upon a part of the premises, or keep his tenant, agent or servant there, but that any act done by him thereon indicating an intention to hold possession for himself was sufficient to give him actual possession; any overt acts indicating dominion and purpose to occupy and not to abandon the premises will constitute actual possession."

The court gave for the defendant the following instructions:

2. "The court instructs the jury that before the plaintiff can recover in this case he must satisfy the jury that he had the exclusive possession of the land. And if the jury find that plaintiff did not have the exclusive possession at the time defendant Miles took possession, the verdict will be for the defendant."

3. "If the jury find from the evidence that at the time defendant Miles took possession of the place, one William Stewart was in possession or partly in possession with the plaintiff, the verdict of the jury will be for the defendant."

Were the instructions of the court and these given at the instance of the plaintiff authorized by the evidence? That is the only question for review. My associates hold in effect that there was no evidence to support them, that is there was no substantial evidence that William Stewart was an employee of plaintiff or was a mere cropper on the farm, hence they reverse the judgment. This is the pivotal fact and I take issue with them as to it. It may be remarked here that whether William Stewart became a codefendant with plaintiff and entitled to occupy the land jointly with him, or whether he was a mere cropper on the shares, depended upon the agreement between the parties and not upon the fact that he was to receive an agreed proportion of the crops. Johnson v. Hoffman, 53 Mo. 504. The plaintiff testified emphatically that he rented the farm from Magruder. He alone testified as to the terms of the subsequent agreement between him and William Stewart, Judge Bond has given some of his testimony on the subject, but not all. I will attempt to supply the omitted portions. Following the statement that William Stewart had taken possession of plaintiff's house and furniture after the death of the latter's wife under an agreement to keep house for him, the plaintiff was asked this question on his cross-examination:

"Q. The place was in his (William Stewart's) possession? A. Well, I don't know whether you could term it that way or not."

"Q. How's that? A. I don't know whether you term it that way or not. I suppose it would be in his possession."

\*    \*    \*

"Q. Was he (William Stewart) going to cultivate the land with you? A. Yes, sir.

Stewart v. Miles.

"Q. He had an interest in it as well as you, didn't he? A. Well he was to go ahead and tend a crop, the rent was to be (paid) and he was to furnish his team and the rent to be (paid) and he was to have half."

"Q. You and he were partners then as regards the renting of that place with you? A. "I rented it to him. I rented the place from Mr. Magruder and after that I took him in as a partner, if you term it that way." * * *

"Q. What was the agreement between you and your brother in regard to his going on the place? A. Well, I rented the place and told him it was more than I could attend myself. I says, if you want to come on I will let you have it and we will pay rent out of the crop and then we will divide up."

On re-examination he testified:

"Q. Well, now I desire to ask you how your brother was there? A. The substance of it was he came there and was to give half after rent was paid to come and keep house for me."

"Q. Get one-half after the rent was paid? A. Yes, sir." ·

"Q. Did you ever rent it to him? A. No, sir."

The rule is well established that an appellate court in determining the sufficiency of evidence must indulge every

APPELLATE
practice.

inference in favor of the party offering the testimony. Cohn v. Kansas City, 108 Mo. 387. Assuredly my associates have disregarded this rule. The testimony of the plaintiff is not clear, and his statements are somewhat conflicting, but the reasonable inference to be drawn from his entire testimony is that William Stewart was a cropper on the shares with no interest or control over the land except the right to enter upon it to cultivate and gather the crops. It was for the jury to draw this inference, and having done so we have no right to disturb their finding. It seems to me that the majority

opinion violates and is opposed to the principle declared by the supreme court in its decision in Cohn v. Kansas City, *supra*. This rule of appellate practice is of great importance and it ought to be observed strictly. I therefore ask that the case be certified to the supreme court.