## STATE ex rel. M. M. GILLILIAN v. MUNICIPAL COURT OF CITY OF CROOKSTON and Others.[1]

November 14, 1913.

Nos. 18,380—(22).

**Cropping contract construed.**

1. A party entered into possession of a farm under a contract to cultivate it on shares. In one part of the contract the parties style it a lease It is for a fixed term. It prohibits subletting. It contemplates possession and use by the cropper and provides for re-entry by the owner in case of default. It requires the cropper to keep the fences in repair, to commit no waste and suffer none to be done, and to deliver the owner's share of the crop in buildings on the farm. *Held*, the contract is a lease.

**Sale of farm.**

2. The lease was for the farming season ending December 1, 1912. It contained a further provision that the tenant should have the use of the premises during the farming season of 1913, provided the premises should not be sold. If sold and the purchaser should not accept the lease it was not to be operative. The premises were sold before the expiration of the first season. *Held*, the contract was not a lease for two seasons. The term of the lease expired upon the sale of the premises and notice to the tenant of that fact.

**Writ of restitution.**

3. The defendant municipal court should have issued a writ of restitution, under R. L. 1905, § 4047, as amended by chapter 496, p. 620, Laws

[1] Reported in 143 N. W. 978.

1909, G. S. 1913, § 7667, which provide for the issuance of a writ notwithstanding appeal on plaintiff's giving a bond. Defendants in their answer alleged that the writ was refused on the sole ground that the statute did not apply. They cannot now be heard to base their refusal on the insufficiency of the bond given by plaintiff.

Upon the relation of M. M. Gillilian the district court for Polk county granted its alternative writ of mandamus, requiring the municipal court of the city of Crookston, L. E. Gossman, judge thereof, and Nicholas B. Moran, clerk thereof, to show cause why a writ of restitution had not been issued upon a judgment in an action of unlawful detainer in the case of Gillilian against W. H. Blake to restore to relator the possession of the premises described, and why the bond tendered by plaintiff had not been accepted. The answer of the respondents set forth that, prior to the presentation of the bond by relator, respondents had perfected an appeal to the district court. The matter was heard before Watts, J., who made findings and ordered judgment that relator was entitled to a writ of mandamus commanding respondents to issue the writ of restitution. From an order denying respondents' motion for a new trial, they appealed. Affirmed.

*Ole J. Vaule* and *William P. Murphy*, for appellants.
*Patterson & Allison*, for respondent.

HALLAM, J.

The Northern States Investment Company owned a farm in Polk county. It made a contract with W. H. Blake, in substance as follows: Blake agreed to till and farm the land during the farming season of 1912, ending December 1; to sow 100 acres in barley, the company to furnish the seed, each to pay half the threshing and twine bill; Blake further agreed to deliver the company's share of the crop in suitable bins in buildings on the land; to summer fallow part of the land; to furnish all tools, teams and farm implements and all hired help; to maintain the fences, the company to furnish the material therefor; to watch, care for and protect the fruit and shade trees, commit no waste, and suffer none to be done; after taking off the crops he was to plow so much and such parts

of the farm as shall be plowed when he "takes possession thereof;" he was to haul out and spread all manure made thereon, and was not to sell or remove any of the produce of the farm until division thereof. Each party was to receive one-half of all grain and vegetables raised, until division the title and possession thereof to be and remain in the company. In case of failure to perform any of the conditions and terms of the contract, the company was authorized and empowered to enter said premises and take full and absolute possession of the same. The contract provides that it "shall not be assignable or sublet" by Blake without written consent of the company. The contract further provided that Blake was to have the use of the premises during the farming season of 1913, "provided said premises shall not be sold;" if the premises should be sold prior to the farming season of 1913, and purchaser should not accept this "lease," then he was to receive pay for the summer fallowing done.

In April, 1912, Blake entered into possession under this contract, and has ever since continued in possession. In October, 1912, the company sold the premises to Gillilian. On February 17, 1913, Blake was notified of the sale, and that the purchaser would not accept the contract, and that the contract was canceled. The company tendered him payment for the summer following, and Gillilian demanded possession, which was refused.

Gillilian brought suit in unlawful detainer in the municipal court of Crookston and obtained judgment for restitution of the premises. Blake appealed. Gillilian thereupon presented to said court his undertaking, as provided by R. L. 1905, § 4047, as amended by chapter 496, p. 620, Laws 1909 (G. S. 1913, § 7667), and demanded that a writ of restitution issue. The court and clerk refused. Thereupon this mandamus proceeding was commenced to require them to issue the writ.

Defendants contend that the appeal from the judgment of the municipal court in the unlawful detainer action stayed the power of the municipal court to issue a writ of restitution. It did do so, unless the giving of the bond by plaintiff imposed upon the court the duty to issue the writ notwithstanding the appeal. The giving of the

bond did impose that duty if the case is brought within the statute above cited. That statute is as follows:

"Upon the taking of such appeal all further proceedings in the case shall be stayed, except that in an action on a lease against a tenant holding over after the expiration of the term thereof or termination thereof by notice to quit, if the plaintiff give bond. * * *, a writ of restitution shall issue as if no appeal had been taken."

Defendants claim the statute does not apply. The claim is: (1) That this contract is not a lease; (2) that if the contract is a lease, Blake was not "holding over after the expiration of the term thereof or termination thereof by notice to quit."

1. In our opinion this contract is a lease. There is some confusion in the decided cases as to the precise relation of parties under contracts such as this. It is well settled, however, that a contract to cultivate land on shares may be a lease. (Strain v. Gardner, 61 Wis. 174, 21 N. W. 35) and this is true even though they are owners in common of the crop. Baughman v. Reed, 75 Cal. 319, 17 Pac. 222, 7 Am St. 170; Chandler v. Thurston, 10 Pick. 205; Loomis v. O'Neal, 73 Mich. 582, 41 N. W. 701; Johnson v. Hoffman, 53 Mo. 504; Moulton v. Robinson, 27 N. H. 550; Cooper v. McGrew, 8 Ore. 327; Bradley v. Arnold, 16 Vt. 382; Rowlands v. Voechting, 115 Wis. 352, 356, 91 N. W. 990. See also Wright v. Larson, 51 Minn. 321, 53 N. W. 712, 38 Am. St. 504; Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; 2 Tiffany, Landlord and Tenant, § 253; 1 Tiffany, Real Prop. § 230; 24 Cyc. 1471. The intent of the parties governs. It is usually held that where the cropper has possession exclusive of the owner, this is conclusive of the relation of landlord and tenant. Mondschien v. State, 55 Ark. 389, 18 S. W. 383; Alwood v. Ruckman, 21 Ill. 200; Johnson v. Hoffman, 53 Mo. 504; Wentworth v. Portsmouth & D. R. Co. 55 N. H. 540; Steel v. Frick, 56 Pa. St. 172; 1 Tiffany, Landlord and Tenant, §§ 10, 20; Jones, Landlord and Tenant, § 46. Provisions for a fixed term (Appling v. Odom, 46 Ga. 583), provisions to give up possession at the end of the term (Johnson v. Hoffman, 53 Mo. 504), provisions against underletting, and provisions to keep the improvements on the premises in repair (Reeves v. Hannan, 65 N. J. L. 249, 48 Atl.

1018) are all of them important indications of an intent to create the relation of landlord and tenant.

The parties have styled this contract a "lease." It is for a fixed term. It prohibits subletting. It contemplates "possession" and "use" of the land by Blake, and he took and still holds possession under it; and it provides that the owner may "enter" upon the premises and retake possession in case of default. It provides that Blake is to keep the fences in repair, to commit no waste and suffer none to be done, and to "deliver" the owner's share of the crop. Clearly the contract is a lease, and Blake is a tenant.

The case of Porter v. Chandler, 27 Minn. 301, 7 N. W. 142, 38 Am. Rep. 293, is relied on by appellants. A cropping contract before the court in that case was held to be a contract of hiring. That case is readily distinguishable from the case at bar. In that case the contract in terms provided that Porter, the landowner, hired and employed the croppers to work, till, and carry on the premises, and agreed, as compensation for their services, labor and expenditures, to pay them one-half of the grain, and it was expressly stipulated that the land "shall be and remain in the possession of the said A. L. Porter and under his absolute control and supervision, and all the work and labor to be done on said farm during said term shall be done thereon * * * according and agreeably to the orders and directions of the said A. L. Porter." The distinction between that contract and this one is fundamental.

2. The next question is, Was the tenant "holding over after the expiration of the term thereof or termination thereof by notice to quit?" We are of the opinion that the term of the lease had expired. It provided for a tenancy during the farming season of 1912, and then provided that Blake should have the use of the premises during the farming season of 1913, on the contingency that the premises were not sold; if sold prior to the farming season of 1913 the lease was not to be operative. This provision did not make the term of the lease two seasons. It was a lease for one season with a stipulation for a second season in the contingency mentioned. See Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088. When the farm was sold prior to the farming season of 1913, and Blake was informed of

such sale, and of the fact that the purchaser did not accept the lease,. the term of the lease expired as effectually as though the provisions for 1913 had never been incorporated therein. This case differs in many essential particulars from State v. Burr, 29 Minn. 432, 13 N. W. 676, relied on by defendants. In that case the landlord under a lease for five years commenced an action to recover possession on the ground that the lessee had broken a covenant against subletting, the lease reserving a right of re-entry for violation of any of the covenants..

3. The result is that the statute above cited applies and the writ of restitution should issue. Some question is raised by defendants" counsel as to the sufficiency of the bond given by plaintiff. Defendants are in no position to raise any such question. In their answer they explicitly allege, "that the writ of restitution herein was refused on the sole ground that the provisions for a bond by the party out of possession referred to in sections 4046 and 4047, R. L. 1905, have no application to this case." Having deliberately taken this position that their refusal was based on the specific grounds mentioned, they cannot now be heard to assert other grounds for their refusal. Tozer v. Ocean Accident & Guarantee Corp. 94 Minn. 478, 103 N. W. 509; Behrens v. Kruse, 121 Minn. 90, 98, 140 N. W. 339; Sorenson v. School District No. 28 of Otter Tail County, 122 Minn. 59, 141 N. W. 1105.

Order affirmed.