## City of Sumner v. Ellen Scaggs.

1. NEGLIGENCE—*Right of a Person to Presume Places, etc., to be Safe.*—A person knowing a sidewalk to be dangerous, has no right to presume it to be safe, and act upon that presumption.

2. INSTRUCTIONS—*Assuming Facts.*—An instruction which assumes the existence of a fact in dispute, invades the province of the jury.

3. SIDEWALKS—*When Not Dangerous Per Se.*—Constructing a sidewalk elevated above the surface thirty inches, and without guard rails, is not negligence *per se*, nor conclusive evidence that such sidewalk where it is so constructed is a place of danger.

Memorandum.—Action for personal injuries.  Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding.  Heard in this court at the August term, 1893.  Reversed and remanded.  Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, GEE & BARNES, ATTORNEYS.

Cities are only required to provide ways that shall be reasonably safe; a railing or barrier is not to be erected because one may meet with an accident if there is none.  Logan v. City of Bedford, 32 N. E. Rep. 810; Damon v. City of Boston, 149 Mass. 151.

APPELLEE'S BRIEF, W. F. FOSTER AND WM. ROBINSON, ATTORNEYS.

For the proper and safe construction of a sidewalk, the city authorities are responsible.  It is their duty to see that the sidewalks are reasonbly safe and are kept so.  Alexander v. Town of Mt. Sterling, 71 Ill. 366.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit to recover damages for personal injuries charged to have been caused by the negligence of appellant in maintaining its sidewalk elevated above the ground, without guard rail on either side, and without light to indicate place of danger, or enable the traveling public to

see their way on said walk. Appellee was the only one who testified how she received the injury. Her version is, that on her way to spend the night with her daughter, she turned a corner at which a street lamp was lighted, and had walked east about ninety feet along the street toward her daughter's residence, when everything turned black before her. She raised her eyes to see the cause, and saw the light east and ahead of her was out. The sidewalk was wet from recent rain, and it was very dark. She then took a couple of steps and fell off the south side of the walk, between it and the fence, and broke her leg just above the ankle. For several years she had known the location, height and condition of this sidewalk, and had traveled over and along it frequently. The east lamp she referred to, and said was not lighted, stood about the distance of a block east from the lamp at the corner. Two witnesses contradicted appellee and testified both of these lamps were lighted, and burning brightly that night. The sidewalk was twenty-three to thirty inches above the level at place of accident, and had been raised there eight inches higher than its height when constructed, because after heavy rains, water would flow over it as originally built. The walk was between two feet ten inches and three feet wide, where appellee fell off. There were no guard rails at the sides, but otherwise the walk was well constructed, in good repair and safe condition. The street lamps used were of approved pattern, in good order, and when lighted furnished bright light. There was a sharp conflict in the evidence upon material points, and the case is a close one on the merits, hence the instructions given should have been accurate.

Plaintiff's seventh instruction given, is as follows: The jury are instructed, as a matter of law, that any person traveling upon a sidewalk of a city, which is in constant use by the public, has a right, when using the same with due diligence and care, to presume, and to act upon the presumption, that it is reasonably safe for ordinary travel, day or night, throughout its entire width and length, and that the city has taken all reasonable care to put it in such a condi-

tion as to prevent injury to persons passing over the same with necessary lights or signals in the night time to designate places of danger and assist the traveling public in passing over such places of danger in a reasonably safe manner. This instruction ignores the material fact that plaintiff knew the condition of the sidewalk. It is not the law that a person knowing a place to be dangerous, has a right to presume such place to be safe, and act upon that presumption.

Furthermore, the only place averred in the declaration to be dangerous, was the sidewalk where the plaintiff stepped off, because it was elevated and without guard rails. Hence, if the jury found the instruction applicable at all, they must have understood from the language used, "such places of danger," that they were instructed, either as a matter of fact, or in the eye of the law, the sidewalk so constructed at said place, was a place of danger. If by the instruction the court assumed, as a matter of fact, it was a place of danger, and intended to so instruct the jury, then the instruction invaded the province of the jury, who alone were empowered to find the facts. If, on the other hand, the jury understood they were instructed that in law the sidewalk so constructed was a place of danger, they were erroneously instructed and misinformed. Constructing a sidewalk, elevated above the surface thirty inches, and without guard rails, is not negligence *per se*, nor conclusive evidence that such sidewalk, where it is so constructed, is a place of danger. Smith v. City of Gilman, 38 App. Ct. 394–5.

The tenth instruction given for plaintiff is as follows :

The jury is instructed that it is the duty of the corporate authorities of a city to provide, maintain and keep lights or signals burning in the night time at all known places of danger in its sidewalks, to prevent injury to the persons passing upon and over said dangerous places in such sidewalks, and a failure so to do would be negligence, and would render such city liable in damages to any one injured by reason thereof, provided such persons so injured were using

ordinary care and caution in passing over such sidewalks when so injured. Given.

Like the seventh, it assumes the place of injury was a place of danger, if it is applicable at all, and states, as a proposition of law, it is the duty of the city to maintain and keep lights or signals burning at such place of danger, and a failure to do so would be negligence, and render the city liable. From this, instruction the jury might have understood it was not sufficient that the city had provided a good street lamp at the corner where plaintiff turned east, furnishing light sufficient for her to see the sidewalk and ground on each side, but if, in addition to that, it did not place a light or signal at the place where she stepped off, the city would be liable. We think to so hold, would require the performance of a duty by the city not exacted by the law. There are cases, doubtless, where such signals or lights at the very place of danger might be necessary in the night, as for instance, where there was a hole, or excavation, or obstruction in the street, but the evidence in this record does not disclose such a case. The instructions we have criticised were calculated to mislead and misdirect the jury, to the prejudice of defendant, and for the error in giving them, the judgment is reversed and the cause remanded.