## Malinda Garman, Appellee, v. City of Waverly, Appellant.

1. INSTRUCTIONS—*when as to negligence in presuming that sidewalk is safe, erroneous.* If the person using a sidewalk knows that the same is not safe it is error to instruct the jury that such a person may indulge in the presumption that such sidewalk was safe for ordinary travel.

2. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is erroneous which is likely to be construed by the jury as assuming that the sidewalk in question in an action for personal injuries was defective.

3. INSTRUCTIONS—*must be confined to the evidence.* An instruction is erroneous which does not restrict the jury to the evidence in determining the issues before them.

4. INSTRUCTIONS—*when upon ordinary care erroneous.* An instruction upon this subject is erroneous as applied to the care to be exercised in using a public sidewalk which omits the element of knowledge by the plaintiff of the condition of such sidewalk.

Action in case for personal injuries. Appeal from the Circuit Court of Morgan county; the HON. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed October 13, 1911.

C. F. WEMPLE and KIRBY, WILSON & BALDWIN, for appellant; JOHN A. BELLATTI, of counsel.

W. N. HAIRGROVE, C. C. TERRY and M. T. LAYMAN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case begun by plaintiff seeking to recover damages for injuries sustained by her through falling from a sidewalk into a stairway leading into a shop in a basement on the south side of the public square, in the city of Waverly, about nine o'clock at night on the evening of August 27, 1910. The declaration avers that the city was negligent in permitting the stairway so constructed to remain unguarded.

A jury returned a verdict in favor of the plaintiff for $2,500. A remittitur of $500 was entered, and judgment rendered for $2,000. The defendant appeals.

The evidence shows that a stairway six feet wide, leading from the sidewalk down into a basement shop, projected two feet into the sidewalk. The stairway led to a room, the floor of which is about eight feet below the sidewalk, and was guarded at either end by an iron railing. The stairway had been in that condition for about twenty years. The testimony of appellee shows that she was 52 years of age and had lived in Waverly eight years; that she lived about a quarter of a mile from where the accident occurred; that she passed the stairway frequently; that she did her shopping at the principal dry-goods store in Waverly which is located immediately east of the building the stairway complained of is in; that she knew the stairway was there but "did not know it was out in the walk like it was" until she was hurt and that she had been down in this basement shop once. Appellee and her husband went down town the evening of the accident between sunset and dark. She heard there was preaching over at the southwest corner of the square and went to hear it. The preaching was in front of this stairway, where a Mormon preacher spoke for

some time in the street and a crowd, through which a policeman kept a passageway open, gathered on the sidewalk. After the preaching was over, and while looking for her daughter, she fell down this stairway and broke her arm.

Various errors are assigned as to the admission and rejection of evidence, but the rulings of the court were correct in that regard. It is only necessary to consider the assignment concerning instructions. The first instruction for plaintiff is:

"The jury are instructed, as a matter of law, that any person traveling upon a sidewalk of a city, which is in constant use by the public, has a right either in the day or night time, when using the same with due diligence and care, to presume, and to act on the presumption, that it is safe for ordinary travel throughout its entire width, and free from all dangerous holes or obstructions."

From the evidence of appellee a jury might find that she knew all about the situation of the stairway. She admits she knew it projected into the sidewalk but did not think it projected so far. Knowing the stairway was there, she could not presume it was not. The instruction quoted is correct as a general proposition where a person has no knowledge of a defect, but it is not the law where a person knows that the sidewalk is not safe. A person, knowing a sidewalk to be unsafe, has no right to presume it is safe and act on such presumption. Concerning such an instruction it was said in City of Spring Valley v. Gavin, 182 Ill. 232: "Had there been any evidence to show that appellee was aware of the condition of the street the instruction would have been improper," and in City of Sumner v. Scaggs, 52 Ill. App. 551, the case was reversed because of error in giving such an instruction. The giving of abstract propositions liable to mislead a jury has invariably been condemned.

The second instruction is awkwardly worded, and is

liable to be construed as assuming that the sidewalk was defective.

The third instruction does not refer to the evidence and tells the jury that if they find that the stairway built in said sidewalk was not kept in such condition as to render said sidewalk safe for pedestrians and plaintiff was injured while in the exercise of due care, then they will find for the plaintiff. The jury should be limited to the evidence for the source of their belief.

The fifth instruction in defining due care omitted the element of knowledge of the plaintiff if she has any.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*