(August 1, 1925.)

DELVINA OSIER and JOHN OSIER, Her Husband, Respondents, v. THE CONSUMERS' COMPANY, a Corporation, and the CITY OF COEUR D'ALENE, a Municipal Corporation, Appellants.

[239 Pac. 735.]

DAMAGES FOR PERSONAL INJURIES—NEGLIGENCE—SPECULATION AS TO CAUSE—PROBABLE CAUSE—CONTRIBUTORY NEGLIGENCE—NONSUIT— QUESTION OF FACT—AUTHORITY GRANTED BY FRANCHISE — NEGLIGENT INSTALATION AND MAINTENANCE—INSTRUCTIONS—PRESUMPTION AS TO DEFECT.

1. Negligence is a fact to be proven, either by direct or circumstantial evidence, and not presumed on conjecture or speculation; but if there be proof of probable cause, whether an injury resulted in consequence of the established cause may be left to reasonable inference.

2. A verdict may not rest upon pure speculation, but the correlative is also true that a verdict resting upon competent evidence may not be set aside upon pure speculation.

3. Contributory negligence is a matter of defense and the burden of proving contributory negligence rests upon the defendant unless it is shown by plaintiff's evidence.

4. It is a well-settled rule in this state that a person injured will not be precluded from recovery on the ground of contributory negligence, unless it was such that upon consideration of all of the facts and circumstances as they appeared at the time a reasonably prudent person would not have acted as did the injured party; and only when it appears upon the undisputed facts that a reasonably prudent person would have acted differently does it become a question of law.

Publisher's Note.

1. Presumption of negligence from accident or injury, see notes in 43 Am. Rep. 73; 6 Am. St. 792; 113 Am. St. 986.

3. Burden of proving and disproving contributory negligence, see notes in 28 Am. Rep. 563; 39 Am. Rep. 511; 58 Am. Rep. 229; 10 Ann. Cas. 4.

4. What constitutes contributory negligence and when prevents recovery, see notes in 30 Am. Rep. 190; 32 Am. Rep. 98; 38 Am. Rep. 637; 8 Am. St. 849.

5.   The use of a street, sidewalk or crossing known to be defective or obstructed, which is not so obviously dangerous that no prudent person would attempt to use it, is not negligence as a matter of law which will bar a recovery for an injury caused by the defect or obstruction.

6.   Authority granted by a franchise to place service-pipes in the sidewalk area does not excuse a water company from its negligent instalation or maintenance of such service-pipe.

7.   While a party may indulge in a presumption that a street on which he travels is not defective, an instruction to this effect is misleading and inapplicable where the person knew of the existence of the defect in question.

8.   Instructions examined and certain ones approved and certain ones *held* erroneous.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. John M. Flynn, Judge.

Action for damages for personal injuries.   Judgment for respondent.   *Reversed and remanded for new trial.*

Edward H. Berg and Danson, Williams, Danson & Lowe, for Appellant.

There was no evidence that Mrs. Osier stumbled over the service-box, except conclusions.   A nonsuit should have been granted, since the jury's verdict could not have been supported by guess or surmise.   (*Antler v. Cox,* 27 Ida. 517, 149 Pac. 731, and cases cited; *Parmelee v. Chicago, M. & St. P. R. Co.,* 92 Wash. 185, 158 Pac. 977, and cases cited.)

Respondent was guilty of contributory negligence, as a matter of law, and a nonsuit should have been ordered on that ground.   (*City of Knoxville v. Cain,* 128 Tenn. 250,

Publisher's Note.

5.   Recovery for injury from stationary obstruction in street as precluded by contributory negligence, see note in Ann. Cas. 1913C, 535.

Contributory negligence of one injured by striking object temporarily in street, see note in 9 A. L. R. 479.

6.   Liability of person obstructing highway under municipal authority as for negligence, see note in Ann. Cas. 1917A, 1003.

Liability of owner for injury caused by building materials in street, see notes in 2 Ann. Cas. 503; 10 Ann. Cas. 918.

159 S. W. 1084, 48 L. R. A., N. S., 628; *Collins v. City of Janesville,* 111 Wis. 348, 87 N. W. 241, 1087; *City of Birmingham v. Edwards,* 201 Ala. 251, 77 So. 841; *Wheat v. City of St. Louis,* 179 Mo. 572, 78 S. W. 790, 64 L. R. A. 292; *Lyon v. City of Grand Rapids,* 121 Wis. 609, 99 N. W. 311; *Robb v. Borough of Connellsville,* 137 Pa. 42, 20 Atl. 564; *Kennedy v. City of Philadelphia,* 220 Pa. 273, 69 Atl. 748, 17 L. R. A., N. S., 194; *Reynolds v. Los Angeles Gas & Electric Co.,* 162 Cal. 327, Ann. Cas. 1913D, 34, 122 Pac. 962, 39 L. R. A., N. S., 896; 20 R. C. L., secs. 93, 94, 96, 108–112.)

The service-box was installed under a valid ordinance of the city and if the instalation was within the authority of the franchise, appellant would not be liable. (*City of Lewiston v. Isaman,* 19 Ida. 653, 115 Pac. 494.)

Instruction No. 23 required the jury to award damages for any mental pain and suffering. This was not within the issues, nor was there any evidence authorizing it, nor were the facts such as it could be assumed that there was any mental pain or suffering. (*Bennett v. Oregon Washington R. & N. Co.,* 83 Wash. 64, 145 Pac. 62; *Southern Ry. Co. v. Crowe,* 51 Ind. App. 300, 99 N. E. 762; *Muse v. Ford Motor Co.,* 175 N. C. 466, 95 S. E. 900; 38 Cyc. 1614; 17 C. J. 1066; 14 R. C. L., p. 784, sec. 50; *Tarr v. Oregon Short Line Ry. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

Ezra R. Whitla and Roger G. Wearne, for Respondents.

In this state contributory negligence is generally a question of fact for the jury. (*Donovan v. Boise City,* 31 Ida. 324, 325, 171 Pac. 670; *Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981; *Smith v. Oregon Short Line R. Co.,* 32 Ida. 695, 187 Pac. 539; *Bressan v. Herrick,* 35 Ida. 217, 205 Pac. 555.)

"A person may walk or drive carefully in the darkness of the night, relying upon the belief that the corporation has performed its duty, and that the street or the sidewalk is not in an unsafe condition." (Dillon on Municipal Corporations, par. 1007.)

The maintenance of a gas service-box in the street is actionable negligence.   (*Loan v. Boston,* 106 Mass. 450.)

Previous knowledge of the dangerous place in a street or sidewalk is not *per se* evidence of such negligence as will preclude a recovery except in those cases where the known defect is so great as to prevent a reasonably diligent person from attempting to pass over such street or sidewalk in any usual manner.   (*Rysdyke v. Town of Mt. Hope,* 61 N. Y. Supp. 645; *Bush v. Independent Mill Co.,* 54 Wash. 212, 103 Pac. 45; *Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862; *Carscallen v. Coeur d'Alene Elec. Co.,* 15 Ida. 444, 16 Ann. Cas. 544, 98 Pac. 622.)·

The question is for the jury.   (*Dundas v. City of Lansing,* 75 Mich. 499, 13 Am. St. 457, 42 N. W. 1011, 5 L. R. A. 143; *Village of Orleans v. Perry,* 24 Neb. 831, 40 N. W. 417; *Shook v. City of Cohoes,* 108 N. Y. 648, 15 N. E. 531; *Maultby v. City of Leavenworth,* 28 Kan. 745; *Kelly v. Southern Minn. Ry. Co.,* 28 Minn. 98, 9 N. W. 588; *McQuillan v. City of Seattle,* 10 Wash. 464, 45 Am. St. 799, 38 Pac. 1119; *Maloy v. City of St. Paul,* 54 Minn. 398, 56 N. W. 94; *City of Denver v. Soloman,* 2 Colo. App. 534, 31 Pac. 507.)

Anyone attempting to justify the erection in the street of anything obstructing or interfering with the public must show a clear right thereto by the grant under which he claims.   (*Wabash Ry. Co. v. City of Defiance,* 52 Ohio, 262, 40 N. E. 89; *Clark v. City of Los Angeles,* 160 Cal. 30, 116 Pac. 722; *Ex parte Russell,* 163 Cal. 668, Ann. Cas. 1914A, 152, 126 Pac. 875; *Knoxville Water Co. v. City of Knoxville,* 200 U. S. 22, 26 Sup. Ct. 224, 50 L. ed. 353.)

"The public grant of a franchise, either by a constitution, statute or municipal ordinance, is to be strictly construed in favor of the public, and nothing passes by implication." (*Boise City v. Boise Artesian H. & C. W. Co.,* 186 Fed. 705, 108 C. C. A. 523; *Madera Water Co. v. City of Madera,* 185 Fed. 281; *Congreve v. Morgan,* 18 N. J. 84, 72 Am. Dec. 495.)

Where one has a dangerous instrumentality in the street, he is bound to keep it safe and is liable to anyone injured thereby if he does not do so. (*Horn v. Boise City Canal Co.,* 7 Ida. 640, 65 Pac. 145; *Perry v. Peoples G. L. & C. Co.,* 119 Ill. App. 389; *Wickwire v. Town of Angola,* 4 Ind. App. 253, 30 N. E. 917; *Baumeister v. Markham,* 101 Ky. 122, 72 Am. St. 397, 39 S. W. 844, 41 S. W. 816; *Rock v. American Construction Co.,* 120 La. 831, 45 So. 741, 14 L. R. A., N. S., 653; *Wile v. Los Angeles I. & C. S. Co.,* 2 Cal. App. 190, 83 Pac. 271; *City of Portland v. Richardson,* 54 Me. 46, 89 Am. Dec. 720.)

GIVENS, J.—This action was commenced by respondents Delvina Osier and John Osier, her husband, against the Consumers' Company and the city of Coeur d'Alene to recover damages for personal injuries sustained by respondent, Delvina Osier, caused on January 8, 1923, between 4 and 5 o'clock in the afternoon, by her tripping and stumbling over a water service-box of the Consumers' Company, which box was located in that part of the street ordinarily occupied by the sidewalk, there being no sidewalk built, however. From a judgment on a verdict for $5,548.50 in favor of respondents against the water company but not against the city and an order denying a new trial the company appealed.

Appellant assigns as error the denial of its motion for nonsuit, motion for a new trial, and requested peremptory instruction for a verdict in its favor, all based on the proposition that there was no competent evidence showing that Mrs. Osier's fall was due to the service-box, and that the verdict of the jury rested solely upon conjecture and speculation.

In support of this contention, *Antler v. Cox,* 27 Ida. 517, 149 Pac. 731, is cited, where it was held that the court did not err in granting a nonsuit, on the theory that whether or not the jumping of a horse was the proximate cause of the injury or whether the cause was the failure of respondents to furnish proper appliances, since the appellant might have still been injured by the jumping of the horse if the

alleged proper appliances had been provided, no proximate cause was shown, and this case is not applicable to the situation herein. Further appellant cites *Parmalee v. Chicago, M. & St. P. Ry. Co.*, 92 Wash. 185, 158 Pac. 977, wherein the court says:

"Negligence is a fact to be proven either by direct or circumstantial evidence and not presumed on conjecture or speculation; but, if there be proof of probable cause, whether an injury resulted in consequence of the established cause may be left to reasonable inference."

The facts of this case were that a brakeman was found dead on the ground beside a car which had a hole in the roof. No one saw the accident. A nonsuit was granted upon the ground that there were no witnesses who testified that the brakeman fell from the car or that the hole in the roof caused such fall; that the brakeman did fall from the car and by reason of tripping on the hole in the roof, causing his death, was too conjectural.

In the instant case Mrs. Osier testified that she was coming along with her daughter and did not notice the service-box, "and I stumbled over it and she had to help me up." On cross-examination she was asked:

"Q. Do you know for sure just what it was you stumbled over that night?

"A. Yes, sir; we turned right around and looked; there was nothing else in the path, nothing.

"Q. What was it?

"A. Just the service-box."

Further the witness testified that it was a service-box or stand-pipe that she stumbled over. Mrs. Osier's daughter, who was with her at the time of the accident testified that it was the service-box and there was nothing else there. There is conclusive testimony that the respondent fell, respondent testifying that she stumbled over the service-pipe and both she and her daughter testifying that there was nothing else to stumble over.

*Dumas v. Walville Lumber Co.*, 64 Wash. 381, 116 Pac. 1091, appears to state the correct rule and to differentiate

between mere conjecture and credibility. In this case a workman was working on top of a pile of lumber which fell causing personal injuries to the workman. The question arose as to what caused the lumber to fall, the court saying:

"Under the facts and circumstances, there are so many things that might have caused the lumber to fall that it was a mere matter of guess as to whether it fell by reason of any negligence of appellant. It was suggested that the Japanese ran against the pile with their truck or that they pushed the pile over. . . . . If we are to hold the rule against speculation and conjecture as applicable to this case, then on a mere suggestion of slight evidence of conflicting theories it could be successfully invoked in almost any case. The question here presented is really one of credibility of evidence. There is ample evidence, if Woosen is believed, to show that the lumber fell because it was negligently piled."

"A verdict may not rest upon pure speculation, but the correlative is also true that a verdict resting upon competent evidence may not be set aside upon pure speculation. (*Dumas v. Walville Lumber Co.*, 64 Wash. 381, 116 Pac. 1091; *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 402, 92 Am. St. 847, 68 Pac. 896, 58 L. R. A. 313; *Abrams v. Seattle & Montana Ry. Co.*, 27 Wash. 507, 68 Pac. 78.)" (*Sweeten v. Pacific Power & Light Co.*, 88 Wash. 679, 153 Pac. 1054; *Frescoln v. Puget Sound Tr. L. & P. Co.*, 90 Wash. 59, 155 Pac. 395.) There was sufficient proof of probable cause proven by direct evidence to raise a reasonable inference to be determined by the jury whether or not the injury was the result of the probable cause.

Appellant contends that its motion for nonsuit should have been granted for the reason that Mrs. Osier knew of the condition of the service-box, having stumbled over it before and that no legal excuse was offered for her failure to see and avoid the box.

From the testimony it appears that Mrs. Osier had only passed over this path five or six times and that some two weeks before the accident she had stumbled over the service-pipe and that her son had stumbled over the box. Between

the time her son had stumbled over the service-box and the date of the accident she had made a trip to Spokane, spending over a month on this trip, and after her return she had walked along the path two or three times prior to Christmas. The only evidence as to the reason for her failing to remember the condition of the pipe was that she and her daughter were hurrying home from town, talking together, and arrived at the service-box before they realized, appellant contending that such circumstances make the matter of contributory negligence a question of law for the court. The cases are conflicting on the point of whether such a question is one of law or one of fact under such circumstances.

"In *Carscallen v. Coeur d'Alene etc. Co.,* 15 Ida. 444, 16 Ann. Cas. 544, 98 Pac. 622, it is said that contributory negligence is a matter of defense in this state, and that the burden of proving contributory negligence rests upon the defendant. (*Adams v. Bunker Hill etc. Co.,* 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Pilmer v. Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.) As no attempt was made on the part of appellant to prove contributory negligence, it rests this assignment principally upon the testimony of Mrs. Muir wherein she stated that she might have known something about the condition of this walk some months before, but that the recollection of its former unsafe condition did not occur to her at the time she received the injury. We do not think that it was incumbent upon this respondent, in order to be free from contributory negligence, to assume that this walk was permitted to remain in this unsafe condition during the interval between the time she observed its defective condition and the time of the injury, several months later. . . . .

"It is a well-settled rule in this state that a person injured by an accident of this character will not be precluded from recovery on the ground of contributory negligence unless it was such that upon consideration of all of the facts and circumstances as they appeared at the time, a reasonably prudent person would not have acted as did the injured party; and only when it appears upon the undisputed facts

that a reasonably prudent person would have acted differently, does it become a question of law. (*Wheeler v. Oregon W. R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.)'' (*Muir v. City of Pocatello*, 36 Ida. 532, 212 Pac. 345.)

Where a man knew ten or fifteen days previous there was a board broken in a sidewalk, and he passed over the same at night, and received injuries on account thereof, at the time not thinking about the holes, the fall occurring while he was walking along just the same as anyone would walk upon the street, contributory negligence does not appear as a matter of law, but the question as to its existence is properly submitted to the jury. (*Carson v. City of Genesee*, 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862.)

The general rule as stated in the note to *Lerner v. Philadelphia*, 21 L. R. A., N. S., 614, at 638, is to the effect that the use of a street, sidewalk or crossing known to be defective or obstructed, which is not so obviously dangerous that no prudent person would attempt to use it, is not negligence as a matter of law which will bar a recovery for an injury caused by the defect or obstruction. (Cases cited in note.)

Previous knowledge of a defective condition of a highway, and failure to remember such defect, does not necessarily constitute contributory negligence which will prevent a recovery. (*Cowie v. Seattle*, 22 Wash. 659, 62 Pac. 121; *McQuillan v. Seattle*, 10 Wash. 464, 45 Am. St. 799, 38 Pac. 1119; *Vergin v. Saginaw*, 125 Mich. 499, 84 N. W. 1075; *Simonds v. Baraboo*, 93 Wis. 40, 57 Am. St. 895, 67 N. W. 40.)

The cases bearing on the subject of momentary forgetfulness are numerous and conflicting. The cases of *Knoxville v. Cain*, 128 Tenn. 250, 159 S. W. 1084, 48 L. R. A., N. S., 628; *Reynolds v. Los Angeles Gas & E. Co.*, 162 Cal. 327, Ann. Cas. 1913D, 34, 122 Pac. 962, 39 L. R. A., N. S., 896, and *Lerner v. Philadelphia, supra*, contain a large collection of these cases. Since the evidence does not show that the respondent was inexcusably negligent it was not improper for the trial court to deny the motion for nonsuit.

Appellant contends that the water system of appellant was installed under a valid ordinance of the city of Coeur d'Alene, and that if the service-box was installed within the authority of the franchise the city could not be liable, citing *City of Lewiston v. Isaman,* 19 Ida. 653, 115 Pac. 494, which case states that "the rule of law applicable to obstructions placed in streets which are nuisances *per se* is not applicable to the facts of this case." If the franchise of the city had authorized the placing of the service-pipe in the sidewalk area, such authorization would not have authorized its negligent instalation or the leaving of the service-pipe in such a dangerous condition.

Appellant complains of instruction No. 2, which was to the effect that Mrs. Osier had a right to presume that the walk was safe. While a party may indulge in a presumption that a street on which he travels is not defective, an instruction to this effect is misleading and inapplicable where the person knew of the existence of, and that one might fall or stumble over the defect in question. (*Sumner v. Scaggs,* 52 Ill. App. 551; *Perrette v. Kansas City,* 162 Mo. 238, 62 S. W. 448; *Scanlon v. Watertown,* 14 App. Div. 1, 43 N. Y. Supp. 618; *Weston v. Troy,* 139 N. Y. 281, 34 N. E. 780; *Garman v. Waverly,* 166 Ill. App. 399; *Howard v. New Madrid,* 148 Mo. App. 57, 127 S. W. 630.)

"A person who suffers injury by reason of a defect in a highway of which he has previous knowledge is not necessarily barred from a recovery on account of such knowledge, but the fact of such knowledge demands the exercise of greater care and caution in passing the defective place than if he had been ignorant of it. (*Cairncross v. Village of Pewaukee,* 86 Wis. 181, 56 N. W. 648.) And while that part of the charge above quoted with regard to the presumption in which a traveler may indulge that the street on which he travels is not defective is correct in the abstract, it was undoubtedly misleading in the present case, because not applicable to one who knows of the existence of a defect." (*Collins v. City of Janesville,* 107 Wis. 436, 83 N. W. 695.)

The question of contributory negligence was very close in this case and was primarily based upon the knowledge of respondent of the defect. This instruction absolutely ignoring the element of knowledge and stating a rule of law not applicable to the facts in the case was highly prejudicial and reversible error, since it practically negatives the question of contributory negligence and invades the jury's province to pass thereon.

Instruction No. 5 is not argued in the brief and therefore will not be considered.

Instruction No. 6 taken alone was probably incorrect but was cured by instruction No. 7.

Instruction No. 23 is complained of, particularly the portion to the effect that plaintiff might recover for mental pain and suffering and any such pain and suffering which the jury might infer she would suffer in the future. There is no pleading or proof that the respondent suffered any mental pain or suffering and no evidence showing that respondent was likely to suffer such mental pain from the facts of the injury and such an instruction was erroneous and prejudicial, leading the jury to believe that they were entitled to award damages for mental pain and suffering. (*Bennet v. Oregon W. R. & N. Co.,* 83 Wash. 64, 145 Pac. 62; *Southern Ry. Co. v. Crone,* 51 Ind. App. 300, 99 N. E. 762; *Muse v. Ford Motor Co.,* 175 N. C. 466, 95 S. E. 900.)

Appellant's requested instruction No. 2 was covered by instruction No. 6 and included negligent maintenance as well as negligent instalation.

Appellant's requested instruction No. 4 was properly refused and the correct rule is given in instruction No. 7.

Appellant's instruction No. 7 was properly refused, the correct rule being given in instruction No. 2.

By reason of the errors appearing the judgment is reversed and remanded for new trial, and it is so ordered. Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur. Budge, J., did not sit.

Petition for rehearing denied.